UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

AMERICAN INTERNATIONAL MARITIME CO.
and CPW AMERICA CO

CIVIL ACTION

VS.

NO.

FEDERAL MARINE TERMINALS, INC.
and FEDNAV DIRECT

SECTION "    "

## C O M P L A I N T

    The Complaint of plaintiffs, American International Maritime Co. ("AIM") and CPW America Co ("CPW") against Federal Marine Terminals, Inc. ("FMT") and FEDNAV DIRECT, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, on information and belief avers as follows:

I.

    American International Maritime Co. is an LLC, having its principle place of business in Port Allen, Louisiana; CPW America Co is a company having its principle place of business in Houston, Texas.

II.

    Plaintiff, AIM, brings this action on its own behalf and as agent and trustee on behalf of all others having an interest in the outcome of this litigation, including any and all interested underwriters or insurers, as their respective interests may ultimately appear.

III.

Plaintiff, CPW, brings this action on its own behalf and as agent and trustee on behalf of all others having an interest in the outcome of this litigation, including any and all interested underwriters or insurers, as their respective interests may ultimately appear.

IV.

At all material times, defendant, FMT, was and is a corporation, organized under the laws of the State of Illinois, a subsidiary of FEDNAV DIRECT, transacting business within the jurisdiction of this Honorable Court, and having a registered agent for service of process through CT Corporation System.

V.

At all material times, defendant, FEDNAV DIRECT, is a foreign corporation and organized under the laws of Canada, transacting business within the jurisdiction of this Honorable Court and having a registered agent for service of process located at 3500-1000 De La Gauchetiere Quest, Montreal, Quebec Canada H3B4W5, **Attn:  Kether A. Shemie**.

VI.

Jurisdiction in this matter is based upon the court's admiralty and maritime jurisdiction, 28 U.S.C. Section 1333, and within the meaning of F.R.C.P. 9(h) as hereinafter more fully appears in that it is a civil action and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

VII.

On or about April 17, 2015, AIM entered into a rate quote agreement bearing No. 5661, wherein FMT agreed to perform stevedoring services in connection with the discharge of piping from nine vessels respectively named, *M/V Bluewing, M/V Gadwall, M/V Wigeon, M/V*

*Cinnamon, M/V Garganey, M/V Redhead, M/V Bluebill, M/V Elder,* and *M/V Whistler*, in the Port of Cleveland. All said vessels were to carry cargo of pipes from Thisvi Port, Greece to the Port of Cleveland, Ohio.  FMT represented that it was an experienced stevedoring entity and could provide all services, equipment and manpower needed to perform the discharge of these vessels.  Specifically, defendant was to properly discharge and secure certain cargo consisting of piping coated and non-coated.  Said piping was to be discharged from each vessel and placed into a designated location in the Port of Cleveland, known and designated by FMT.  Thereafter, the discharged cargo was then to be loaded by FMT onto trailers for land transport via 18-wheelers to Massilong, Ohio.  Said unloading and re-loading of the cargo from these vessels and all work and services performed by defendant in connection therewith took place and were provided within the jurisdiction of this Honorable Court.

VIII.

CPW at all times was the consignee of all cargo contained on the vessels referred to in Paragraph VII as evidenced by bills of lading issued for each vessel.  It was agreed between CPW and AIM that defendant would discharge all cargoes from the vessels named in Paragraph VII and reload the cargo for land transport onto trailers.  CPW and AIM delivered to defendants nine motor vessels named in Paragraph VII in a seaworthy and fit condition.  Discharge operations for these vessels commenced on April 18, 2015 and concluded on September 23, 2015.  At all times pertinent, defendant was responsible for the safe discharge and reloading of the cargoes as contained in the nine vessels outlined in Paragraph VII.

IX.

The bills of lading associated with the cargo wherein CPW was the consignee are as follows:

*M/V Bluewing* – B/L No. CDFNTHCL 2603001

*M/V Gadwall* – B/L No. CDFNTICD 0404001

*M/V Wigeon* – B/L No. CDFNTICD 2304001

*M/V Cinnamon* – B/L No. CDFNTICD 0705001

*M/V Garganey* – B/L No. CDFNTICD 3105001

*M/V Redhead* – B/L No. CDFNTICD 1206001

*M/V Bluebill* – B/L No. CDFNTICD 2206001

*M/V Elder* – B/L No. CDFNTICD 0508001

These bills of lading outline all cargo that was discharged by defendants from April 18, 2015 until September 23, 2015.

X.

Upon inspection and survey the cargo discharged by defendants from the nine vessels outlined above in Paragraph VII, was found to have been improperly and incorrectly discharged which resulted in substantial damage to the coated and uncoated piping.  AIM and CPW have incurred damages and expenses as a result of the improper discharge and re-loading of the cargo for truck transport, including claims and/or payment for damages to the cargo, transportation, travel, re-handling, repair, discounted pipe value, additional offload costs, additional inspection costs, additional vacuum costs, extra yard handling, vessel flipping costs, vessel demurrage, loss pipe value from coating damage, and total rejection of pipe as well as additional charges and damages related to this casualty that will be shown to have resulted from the acts of defendants in the negligent and improper discharge and re-loading of the cargo contained in the vessels outlined above.  CPW and AIM file this action to recover these losses and expenses from defendants.

XI.

FMT unloaded the nine vessels as referenced in Paragraph VII as well as re-loaded in a negligent and unworkmanlike manner, all of which constituted a breach of warranty of workmanlike performance on the part of defendants to be more fully shown at trial.  As a result of the aforementioned breaches and acts of negligence, CPW and AIM have suffered damages, losses and expenses presently estimated to be in excess of $1.5 Million, exclusive of interest, court costs and attorney fees.

XII.

At all times, FMT had custody of the cargoes discharged from the nine vessels referenced in Paragraph VII which constituted a bailment of the cargo such that FMT is liable as "bailee" for all resulting damages to the cargo and in connection with this casualty.

XIII.

FMT owed to CPW and AIM, the duty to properly and correctly unload the nine vessels referred to in Paragraph VII and re-load the cargo for truck load-out in a proper and workmanlike manner, and owe the duty to properly handle the cargo while in their custody and control. Defendant breached said duties when they negligently unloaded the cargo and then re-loaded the cargo for truck transport.  Said breach of duty and negligence was the sole proximate cause of the damages resulting from this casualty.

XIV.

Defendants are justly indebted to AIM and CPW for the damages as aforesaid and to be shown more particularly at trial for the sum in excess of $1.5 Million.

XV.

All losses and damages sustained by CPW and AIM are without fault on the part of CPW and AIM.

XVI.

Despite amicable demand and a prompt notice of loss to defendants, this matter has been unable to be resolved leaving CPW and AIM with no alternative but to commence this instant action.

WHEREFORE, plaintiffs, CPW America Co and American International Maritime Co., pray that defendants, Federal Marine Terminals, Inc. and FEDNAV DIRECT, be served with process through its registered agent for service of process, and that after due proceedings had, there be judgment herein in favor of CPW America Co and American International Maritime Co. and against defendants, Federal Marine Terminals, Inc. and FEDNAV DIRECT, in the full amount of CPW America Co and American International Maritime Co.'s damages, presently estimated to be greater than $1.5 Million, together with interest, court costs and attorney fees.

Plaintiffs further pray for all other relief which justice of the cause requires.


Respectfully submitted,


**/s/ Ronald A. Bell**
**RONALD A. BELL (Bar #0063714)**
Jones Walker LLP
201 E 5th Street, Suite 1810
Cincinnati, OH  45202
Telephone: (513) 830-0261
**Attorneys for Plaintiffs**

**PLEASE SERVE:**

Federal Marine Terminals, Inc.
Through Their Registered Agents for Service of Process:

Warren J. Marwedel
303 West Madison Street, 1100
Chicago, IL  60606

     -and

CT Corporation System
1300 East 9th Street
Cleveland, OH  44114

FEDNAV DIRECT
3500-1000 De La Gauchetiere Quest
Montreal, Quebec Canada H3B4W5
**Attn:  Kether A. Shemie**

**(PLEASE WITHHOLD SERVICE.)**